UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOHN F. KELLY, )
FREDERICK D. LORENZ, )
DEREK M. MELENDY, MARK P. MILLER, )
GARY S. MOTTOLA, EDWARD W. NEFF, )
STEPHEN K. O'CONNOR, )
RICHARD M. RIZZA, )
EDWARD J. SULLIVAN, KEVIN F. WALSH )
)
Plaintiffs, )
)
v. )
)
CITY OF BOSTON, )
)
Defendant. )

04 11511 RGS

MAGISTRATE JUDGE _____

Case No. 04-cv-_____

JURY TRIAL REQUESTED

RECEIPT # 57040
AMOUNT $150
SUMMONS ISSUED Yes
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. ___
DATE 7/6/04

## COMPLAINT

### INTRODUCTION

1.  Plaintiffs are ten Caucasian men who were denied employment by the City of Boston Fire Department because of their race. As decided by the United States Court of Appeals for the First Circuit, the City unconstitutionally discriminated against Caucasian applicants for firefighter positions who took the 1998 Massachusetts Civil Service Examination. See Quinn v. City of Boston, 325 F.3d 18 (1st Cir. 2003). The same holds true for individuals, such as Plaintiffs, who took the 2000 Massachusetts Civil Service Examination. Plaintiffs seek to be hired as Boston firefighters with backpay, appropriate seniority, and benefits.

## PARTIES

2.      Plaintiffs John F. Kelly, Frederick D. Lorenz, Derek M. Melendy, Mark P. Miller, Gary S. Mottola, Edward W. Neff, Stephen O'Connor, Richard M. Rizza, Edward J. Sullivan, Kevin F. Walsh are Caucasian males who at all relevant times resided in Boston.

3.      The City of Boston (alternatively "the City" or "Boston") is an incorporated municipality of the Commonwealth.

## JURISDICTION AND VENUE

4.      This court has subject matter jurisdiction over this federal question litigation pursuant to 28 U.S.C. §§ 1331 and 1343.

5.      The court has personal jurisdiction over Boston, which is incorporated in this Commonwealth.

6.      Venue is proper pursuant to 28 U.S.C. § 1391(b).

## ALLEGATIONS COMMON TO ALL COUNTS

7.      As a first step in the application process for Boston firefighting positions, all applicants are required to take the Massachusetts Civil Service Examination, which is given every even-numbered year by the Massachusetts Human Resources Division ("HRD").

8.      Plaintiffs all took the 2000 examination and scored a 99 out of 100.

9.      Pursuant to the Massachusetts Civil Service law, the plaintiffs and other test takers were placed on a Civil Service list by HRD. In compiling the list, HRD ranks each applicant. In the ranking process, HRD first places applicants in different scoring categories, reflecting statutory preferences. The categories in order of priority are (1) Chapter 534 applicants (those placed at the top of the Civil Service list by action of the legislature or Civil Service Commission), (2) Boston Resident Chapter 402A applicants (Boston residents who are

children of firefighters or police officers killed in the line of duty), (3) Nonresident Chapter 402A applicants, (4) Resident Disabled Veterans, (5) Resident Chapter 402B applicants (Boston residents who are children of firefighters or police officers disabled in the line of duty), (6) Resident Veterans, (7) Resident Non-Veterans, (8) Non-Resident Non-Veterans.

10.    Within each scoring category, the applicants are ranked according to their scores on the civil service exam. Tie scores are ranked alphabetically.

11.    When the Fire Department decides to hire new firefighters it sends a requisition for the desired number of positions to HRD. HRD transmits the certified list to the Fire Department. The number of names on the HRD list is equal to twice the number requested plus one – the so-called "2N+1" formula, with "N" being the number of positions to be filled. See Mass. Gen. Laws ch. 31, § 27.

12.    Each member of the class must satisfy various prerequisites to being hired, including drug tests, background tests, and medical examinations. Individuals who fail these tests are excluded from the class.

13.    Prior to the Beecher consent decree, discussed in Quinn v. City of Boston, the Fire Department selected new firefighters from the class in the order they appeared on the Civil Service list, i.e., individuals were selected first in the priority indicated in ¶ 9, and then by civil service exam scores.

14.    Pursuant to the Beecher consent decree, however, HRD maintained two separate lists, one for African-American and Spanish surnamed individuals ("minority list"), and one for all other racial groups ("majority list").

15.    HRD grouped individuals into hiring pairs, consisting of an individual on the majority list and an individual on the minority list. Rankings were maintained with respect to

3

each list, so that the first hiring pair was made up of the highest ranking majority applicant and the highest ranking minority applicants, etc.

16. The Fire Department would then fill vacancies by hiring pairs, in rank order. In effect, then, for every majority individual hired, a minority candidate was hired.

17. Often, the selection process would result in vacancies being filled by individuals from the minority list who, though near the top of the minority list, had scored significantly lower on the civil service examination than rejected individuals from the majority list.

18. From the list of 2000 test takers, Boston made three different requisitions for firefighter positions. On April 20, 2001 Boston sent requisition No. 21-0408 to HRD to fill 30 firefighter vacancies. On August 24 and September 19, 2001, Boston sent requisition No. 21-0836 to HRD to fill 31 vacancies. Finally, on June 12, 2002, Boston sought to fill 61 additional vacancies and sent requisition No. 22-0451 to HRD.

19. Each Plaintiff was selected to be in a hiring class for one or more of the three requisitions. Accordingly, each was contacted by the Fire Department to sign the HRD lists. Eventually, however, the Plaintiffs were informed that their names had not been reach on the various lists and they would not be hired as firefighters.

20. Plaintiffs scored higher on the 2000 examination than many of the minority candidates hired. If the Beecher method had not been used, each of the Plaintiffs would have been hired.

### COUNT 1 – EQUAL PROTECTION, 42 U.SC. § 1983

21. The preceding allegations are incorporated herein.

22. As recognized in Quinn, the City's policy and practice, under color of law, of favoring African-American and Spanish-surnamed individuals in firefighter hiring constitutes

intentional discrimination on the basis of race, in violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, enforceable against States and their subdivisions by virtue of 42 U.S.C. § 1983.

23. The City's discriminatory hiring practices were conducted pursuant to an official policy and established practice, thus subjecting the City to municipal liability under 42 U.S.C. § 1983.

24. Plaintiffs would have been hired as firefighters absent the City's intentionally discriminatory hiring practices.

25. Plaintiffs have thus been damaged in the form of lost wages, lost seniority in the fire department, and emotional distress and suffering. Moreover, they have no adequate remedy at law and are entitled to injunctive relief, ordering the City of Boston to hire them as firefighters.

26. In addition, Plaintiffs are entitled to attorneys fees pursuant to 42 U.S.C. § 1988.

### COUNT 2 – 42 U.S.C. § 1981

27. The preceding allegations are incorporated herein.

28. The City's practice, under color of law, of favoring African-American and Spanish-surnamed individuals in firefighter hiring constitutes intentional discrimination on the basis of race, and thus violates 42 U.S.C. § 1981.

29. The City's discriminatory hiring practices were conducted pursuant to an official policy and established practice, thus subjecting the City to municipal liability under 42 U.S.C. § 1981.

30. Plaintiffs would have been hired as firefighters absent the City's intentionally discriminatory hiring practices.

31. Plaintiffs have thus been damaged in the form of lost wages, lost seniority in the fire department, and emotional distress and suffering. Moreover, they have no adequate remedy at law and are entitled to injunctive relief, ordering the City of Boston to hire them as firefighters.

32. In addition, Plaintiffs are entitled to attorneys fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiffs pray for:

(A) A Preliminary and Permanent Injunction, ordering the City to hire Plaintiffs as firefighters with the amount of seniority they would have had had the City hired them from one of the three requisitions;

(B) Damages reflecting back pay, lost benefits, front pay and emotional distress and mental suffering, as well as interest;

(C) Attorneys fees and costs;

(D) Such other relief as may be just.

## JURY TRIAL REQUEST

Plaintiffs request trial by jury on all issues so triable.

Respectfully Submitted,

JOHN F. KELLY, FREDERICK D. LORENZ, DEREK M. MELENDY, MARK P. MILLER, GARY S. MOTTOLA, EDWARD W. NEFF, STEPHEN O'CONNOR, RICHARD M. RIZZA, EDWARD J. SULLIVAN, KEVIN F. WALSH

By Their Attorneys:

SHEEHAN, PHINNEY, BASS + GREEN,
Professional Association

By: _____
Mark Ventola
BBO# 549570
260 Franklin Street
Suite 1901
Boston, MA 02110
(617) 897-5630

Dated: July 6, 2004

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Kelly v. City of Boston__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ☐ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ☒ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

    *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

    ☐ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

    ☐ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

    ☐ V.    150, 152, 153.

    04 11511 RGS

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
    
    Flaherty v. City of Boston, 03-cv-12125-RGS

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
    YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
    YES ☐    NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
    YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
    YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
    YES ☒    NO ☐    N/A

    A. If yes, in which division do all of the non-governmental parties reside?
       Eastern Division ☒    Central Division ☐    Western Division ☐

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
       Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
    YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Mark J. Ventola__
ADDRESS __Sheehan Phinney Bass + Green, P.A., 260 Franklin Street, Boston, MA 02110__
TELEPHONE NO. __(617) 897-5600__

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** John F. Kelly, Frederick D. Lorenz, Derek M Melendy, Mark P. Miller, Gary S. Mottola, Edward W. Neff, Stephen K. O'Connor, Richard M. Rizza, Edward J. Sullivan, and Kevin F. Walsh

**DEFENDANTS** City of Boston

(b) County of Residence of First Listed Plaintiff  Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed  Suffolk
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Mark J. Ventola
Sheehan Phinney Bass + Green, P.A.
260 Franklin Street
Boston, MA 02110    (617) 897-5600

Attorneys (If Known)
Christine Roach, Roach & Carpenter, PC
24 School Street, Boston, MA 02180
Susan M. Weise, City of Boston Law Dept.
Boston City Hall, Rm 615, Boston, MA 02201

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** ☐ 370 Other Fraud ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS —Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition | | | |
| ☐ 290 All Other Real Property | | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. Sections 1981, 1983 Racial Discrimination against white applicants for firefighter positions

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint: JURY DEMAND: ☐ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): Flaherty, et al. v. City of Boston    JUDGE Stearns    DOCKET NUMBER 03-cv-12125-RGS

DATE July 6, 2004    SIGNATURE OF ATTORNEY OF RECORD /s/ Mark Ventola

FOR OFFICE USE ONLY
RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____