UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHN F. KELLY,<br>FREDERICK D. LORENZ,<br>DEREK M. MELENDY, MARK P. MILLER<br>GARY S. MOTTOLA, EDWARD W. NEFF,<br>STEPHEN K. O'CONNOR, RICHARD M. RIZZA,<br>EDWARD J. SULLIVAN, KEVIN F. WALSH,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BOSTON,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. 04-11511-RGS |

ANSWER OF DEFENDANT CITY OF BOSTON

Defendant City of Boston ("Boston") hereby answers the Complaint in this

matter. With respect to the enumerated paragraphs of the Complaint Boston, states as

follows:

1.     With respect to the allegations contained in the first two sentences of

Paragraph 1 of the Complaint, Boston admits Plaintiffs were not reached for hire by the

Fire Department, and states that the opinion in Quinn v. City of Boston, 325 F.3d 18 (1st

Cir. 2003), speaks for itself. With respect to the allegations contained in the third and

fourth sentences of Paragraph 1, Boston lacks sufficient information to admit or deny

what relief Plaintiffs may seek, but Boston denies Plaintiffs are entitled to the relief

identified.

2.     Boston admits Plaintiffs are listed on civil service lists as Caucasian. Boston

lacks sufficient information to admit or deny whether plaintiffs currently reside in

Boston.

3-6.    Admitted.

7-8.    Admitted.

9.    Boston states that the allegations contained in Paragraph 9 of Complaint constitute conclusions of law to which no response is required, and that the referenced statutes and regulations speak for themselves.

10-11.   Admitted upon information and belief.

12.    Boston admits firefighter candidates must meet certain eligibility requirements to be included in a hiring class, and denies the requirements listed in Paragraph 12 of the Complaint include all of the requirements.

13.    Boston admits that prior to the Beecher consent decree Boston considered for hire candidates in the order stated.  Boston denies all such candidates were necessarily selected as fire fighters.

14-15.    Boston admits that, upon information and belief, HRD adopted certain procedures to implement the Beecher consent decree, but lacks sufficient information to admit or deny the specifics of HRD's procedures, or the remaining allegations contained in Paragraphs 14-15 of the Complaint.

16.    Denied.

17.    Boston denies individuals were "rejected" for hire as a result of the Beecher decree.  Boston admits that as a result of the Beecher decree certain minority candidates reached for hire had obtained lower scores on the Civil Service examination than certain non-minority candidates who were not reached for hire had obtained.

18.    Boston admits it hired three firefighter classes from the 2000 civil service list, and states the referenced documents speak for themselves.

19.    Boston denies any of the Plaintiffs was "selected to be in a hiring class." Boston lacks sufficient information to admit or deny what preliminary eligibility screenings Plaintiffs underwent, if any. Boston admits Plaintiffs were not reached for hire in 2001 or 2002.

20.    Boston admits Plaintiffs scored higher than some minorities scored on the 2000 exam, and admits Plaintiffs might have been reached for hire in one of the three classes at issue had Boston not been enforcing the Beecher decree. Boston denies the remaining allegations contained in Paragraph 20 of the Complaint.

## COUNT 1 – EQUAL PROTECTION, 42 U.S.C. Section 1983

21.    Boston repeats and incorporates herein by reference its responses to the allegations contained in Paragraphs 1-20 above.

22-26.  Denied.

## COUNT 2 -- 42 U.S.C. Section 1981

27.    Boston repeats and incorporates herein by reference its responses to the allegations contained in Paragraphs 1-28 above.

28-32.  Denied.

By way of further response, Plaintiffs say as follows:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Boston's employment decisions in 2001 and 2002 were taken pursuant to its obligation to honor and to enforce the consent decree and orders in Boston Chapter, NAACP v. Beecher, 371 F.Supp. 507, 520-23 (D.Mass. 1974)("the Beecher decree") and

the administrative directives by the Massachusetts Human Resources Division ("HRD")

dated September, 1987.

## THIRD AFFIRMATIVE DEFENSE

The intention of Boston's employment decisions in 2001 and 2002 was

to enforce the law in good faith and to achieve "parity" of minority participation in the

Fire Department, as then defined and interpreted by both the Beecher decree, and the

United States Court of Appeals for the First Circuit. Mackin v. City of Boston, 969 F.2d

1273 (1st Cir. 1992); Boston Chapter, NAACP v. Beecher, 679 F.2d 965 (1st Cir. 1982),

vacated and remanded for consideration of mootness, 461 U.S. 477 (1983), vacated on

mootness grounds, 749 F.2d 102 (1984)("without prejudice to further actions under the

district court's continuing jurisdiction to monitor the original consent decrees"); Boston

Chapter, NAACP Inc. v. Beecher, 504 F.2d 1017 (1st Cir. 1974).

## FOURTH AFFIRMATIVE DEFENSE

The intention of Boston's employment decisions in November, 2000 was to

correct racial imbalance.

## FIFTH AFFIRMATIVE DEFENSE

At no time did Boston bear discriminatory animus or intent against the Plaintiffs

based on their race.

## SIXTH AFFIRMATIVE DEFENSE

At no time did Boston intend to discriminate against Plaintiffs based on their race.

## SEVENTH AFFIRMATIVE DEFENSE

Boston had legitimate business reasons for its employment actions.

4

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs cannot prove that the good faith actions of Boston were the proximate cause of compensable harm to them.

## NINTH AFFIRMATIVE DEFENSE

Any harm which Plaintiffs claim to have suffered was proximately caused by actors not within Boston's control.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred by limitations.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs are barred by waiver and estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred by laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims to relief in equity are not entitled to trial by jury.

WHEREFORE, Boston respectfully requests that judgment enter in its favor, that this case be dismissed with prejudice, and that this Court grant such other and further relief as it deems just and proper.

CITY OF BOSTON
MERITA A. HOPKINS
CORPORATION COUNSEL

SPECIAL OUTSIDE COUNSEL

Christine M. Roach – BBO#421630
ROACH & CARPENTER, P.C.
24 School Street
Boston, MA 02108
(617) 720-1800

DATED:  August 5, 2004

Certificate of Service

    I Christine M. Roach hereby certify that I have served the above pleading on all parties by this day hand delivering a copy of same to counsel of record.

DATED:  August 5, 2004

6