UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN F. KELLY,                                      )
FREDERICK D. LORENZ,                                )
DEREK M. MELENDY, MARK P. MILLER                    )
GARY S. MOTTOLA, EDWARD W. NEFF,                    )
STEPHEN K. O'CONNOR, RICHARD M. RIZZA,              )
EDWARD J. SULLIVAN, KEVIN F. WALSH,                 )
                                                    )
                    Plaintiffs,                     )
v.                                                  )   C.A. 04-11511-RGS
                                                    )
CITY OF BOSTON,                                     )
                                                    )
                    Defendant.                      )

## INTERIM ORDER REGARDING INSTATEMENT(~~PROPOSED~~)

Pursuant to the Joint Motion of the parties to this matter, the mandate of Quinn v. City of Boston, 325 F.2d 18 (1st Cir. 2003), and this Court's Order dated August 24, 2003 in Quinn, et al. v. City of Boston, 279 F. Supp. 2d 51 (D. Mass. 2003), it is hereby ordered as follows:

1. Beginning effective with the date of this Order, the ten named Plaintiffs herein (Kelly, Lorenz, Melendy, Miller, Mottola, Neff, O'Connor, Rizza, Sullivan and Walsh)("Plaintiffs"), who are not currently employed by the City of Boston ("Boston") as firefighters, will be considered for hire by Boston at the next immediate opportunity to fill vacancies in the firefighter ranks of the Boston Fire Department.

2. Instatement eligibility for these Plaintiffs shall be contingent upon each plaintiff's satisfaction of the requirements applicable to all candidate fire fighters, specifically: (a) passing the Departmental medical examination; (b) passing a background check and drug test; (c) passing the Departmental physical agility test; (d)

compliance with the City's residency requirement; and (e) successful completion of academy training. Age shall not be considered in determining the plaintiff's eligibility for firefighter positions. The City shall begin the instatement process as soon as reasonably possible after issuance of this Order. Once a Plaintiff has met the eligibility requirements for instatement, he shall be hired by the City consistent with the schedule for the training academy referenced by Paragraph 4 below.

3. For retirement purposes, each plaintiff who successfully meets the eligibility requirements for instatement shall be deemed to have begun his employment as a city of Boston firefighter on the date he would have been hired had he been appointed with the successful candidates in the October 2002 class of new firefighters. Each plaintiff who qualifies for instatement shall be paid at the step level that he would have achieved, in the normal course of employment, had he then been hired. Any benefits granted pursuant to this Order impacting on the rights of other firefighters shall be subject to agreement by the Union representing Boston firefighters.

4. Boston shall use its best efforts to convene a training academy in or before November 2004.

5. This Order is not intended to establish a precedent with respect to any other person who believes s/he was passed over for employment as a fire fighter by Boston as a result of Boston's enforcement of the so-called <u>Beecher</u> decree, who is not a named Plaintiff herein.

DATED: 9-2-04.

*Richard B. Stearns*

United States District Court