UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN F. KELLY, *et al.*,<br>    *Plaintiff,*<br>v.<br>CITY OF BOSTON,<br>    *Defendant.* | Civil Action No. 04-11511-RGS (Lead) |
| THOMAS P. FLAHERTY, *et al.*,<br>    *Plaintiff,*<br>v.<br>CITY OF BOSTON,<br>    *Defendant.* | Civil Action No. 03-12125-RGS |
| FRANCIS X. TIERNEY,<br>    *Plaintiff,*<br>v.<br>CITY OF BOSTON,<br>    *Defendant.* | Civil Action No. 04-10518 RGS |

**RESPONSE of PLAINTIFF TIERNEY to the CITY'S "ASSENTED TO" MOTIONTIONS**

      While Plaintiff Tierney does not object to the Court ordering that the 13 similarly situated individuals be included in the relief granted in this litigation, in order to prevent a potential problem with the handling of the City's motions, Counsel for Tierney wishes to bring certain concerns to the attention of the Court. Most importantly, that although the motions were filed as having been "assented to," in fact none of the other parties involved gave their assent.

      During the Rule 16.1 conference before this Court, the topic of including these similarly situated individuals in the relief granted through this litigation was discussed at some length.

Several concerns were raised by the various plaintiffs' counsel concerning the appropriate mechanism for such inclusion and the risk of complication and possible added expense were raised. The Court suggested class certification as a more efficient means of including the similarly situated individuals. The issue was left unresolved, with counsel agreeing that further thought as to the advantages of either class certification, the appointment of counsel, or of joining of the similarly situated individuals as 13 *pro se* parties.

Rather than engaging in further discussions, the City's counsel took it upon herself to file two "assented to" motions without any prior consultation with any of the three plaintiffs' attorneys. More importantly, the City has not consulted with the 13 *pro se* individuals who are the subject of the motions. While it is unlikely that any of the *pro se* individuals will object to the proposed interim relief, there is a risk that one could object to the City's motions or seek to be heard. Counsel brings this to the Court's attention to avoid the potential difficulties that would arise should it grant what were presented as assented to motions prior to the *pro se* individuals having an opportunity to be heard. If time is of the essence, and it appears to be given the ongoing preparations for appointments to the next firefighter academy, the risk can be cured if the City's attorney checks with each of the *pro se* individual to ensure that they will not file oppositions.

It appears from the motions themselves and from conversations with the City's attorney that none of the 13 *pro se* similarly situated individuals were contacted concerning the specifics of the motion, about the fact the the may be made parties to this litigation, or about the effects of the City's motions. Certainly none has assented to being represented by any of the attorney's for the three groups of current plaintiffs. There is a serious risk that these *pro se* individuals will mistakenly believe that the City's attorney is acting as their attorney in this matter. "The City

2

therefore respectfully submits that its motion <u>on behalf of the Joinder Plaintiffs</u> is in the interest of justice . . . ."  *(Assented To) Motion of Defendant City of Boston to Join Additional Plaintiffs Pursuant to Fed.R.Civ.P.20*, ¶12 (emphasis added).

Obviously the City's attorney has a conflict, which prevents her from acting as counsel for the 13 similarly situated individuals.  None of these individuals have entered into an attorney client relationship with the attorneys for the three groups of plaintiffs.  The City argues that, "joinder eliminates additional costs and fees to both the Joinder plaintiffs and the City." *Id*. At ¶12.  Conspicuously absent from the City's argument is any mention of costs to the current plaintiffs, who have funded this litigation to date.  The proper party to bear any future expense resulting from the City's "motion on behalf of the Joinder Plaintiffs" should be born by the City even though the City's attorney cannot act "on behalf of the Joinder Plaintiffs."

## CONCLUSION

Counsel for Tierney has contacted the counsel for the other plaintiffs and they have indicated that while they were never asked to provided their assent to the motions, they, like Tierney, do not intend to file oppositions to the motions.

In a discussion with Counsel for Tierney about this matter, the City's attorney indicated that she considered her actions appropriate and saw no problems with doing the same in the future and that if counsel had a problem with her actions he should bring them to the Court.  In order to avoid future reoccurrences, this Court should make clear to the City's attorney that motions should not be filed as "(**Assented To**)" unless opposing counsel and any *pro se* individuals have actually been contacted about the specific motion and have expressly assented.  The Court should further make clear that the requirements of Local Rule 7.1 need to be followed before motions can be heard in the courts of this district.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | FRANCIS X. TIERNEY |
|  | By his Attorney, |
|  | /s/ Michael Williams |
|  | Michael Williams  (BBO# 634062) |
|  | Lawson & Weitzen, LLP |
|  | 88 Black Falcon Avenue, Suite 345 |
|  | Boston, MA 02210-1736 |
|  | Telephone: (617) 439-4990 |
| Dated: September 14, 2004 | Facsimile: (617) 439-3987 |