UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHN F. KELLY,<br>FREDERICK D. LORENZ,<br>DEREK M. MELENDY, MARK P. MILLER<br>GARY S. MOTTOLA, EDWARD W. NEFF,<br>STEPHEN K. O'CONNOR, RICHARD M. RIZZA,<br>EDWARD J. SULLIVAN, KEVIN F. WALSH, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
|         Plaintiffs,<br>v.<br><br>CITY OF BOSTON,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) | C.A. 04-11511-RGS |
| THOMAS P. FLAHERTY, JR.,<br>KEVIN WILLIAMS, EDWARD FERENT,<br>EDWARD J. WALSH, JR., and<br>RICHARD M. PROIA, | )<br>)<br>)<br>) | |
|         Plaintiffs,<br>v.<br><br>CITY OF BOSTON,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C. A. 03-12125-RGS |
| FRANCIS X. TIERNEY,<br><br>        Plaintiff,<br>v.<br><br>CITY OF BOSTON,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 04-10518-RGS |

**(ASSENTED TO)**
MOTION OF DEFENDANT CITY OF BOSTON TO JOIN ADDITIONAL PLAINTIFFS PURSUANT TO FED.R.CIV.P. 20

Defendant City of Boston ("Boston") hereby moves, pursuant to Fed.R.Civ.P. 20, for permissive joinder of the additional thirteen (13) individuals named in Exhibit A hereto as Plaintiffs in these consolidated cases. In support of its Motion, Boston states that the purposes and policies of Rule 20 are fully met by joinder in this instance, as follows:

Status of Plaintiffs Currently Before the Court

1. The Court is in the process of presiding over the successful resolution of the claims of sixteen (16) total Plaintiffs named to date in these consolidated actions. Plaintiffs' claims arise pursuant to the mandate of Quinn v. City of Boston, 325 F.3d 18 (1st Cir. 2003)(the Quinn decision).

2. The parties have agreed in principle to a resolution of all claims which is patterned in part after this Court's remedy order in Quinn v. City of Boston, 279 F.Supp.2d 51 (D.Mass. 2003)("remedy order"). The agreed-upon remedy is one of instatement, with retroactive pay status and benefits, and consideration by the City of attorneys' fees petitions. The agreed-upon remedy does not include payment by the City of damages for back pay or emotional distress, and Plaintiffs intend to waive any such claims providing the proposed instatement is successfully accomplished. See subsequent remedy orders entered by the Court on September 2, 2004 (Kelly and Flaherty) and September 9, 2004 (Tierney), respectively.

Joinder Plaintiffs Similarly Situated

3. The parties the City seeks to join in this action ("the Joinder Plaintiffs") are similarly situated to the sixteen Plaintiffs currently before the Court. Like each of the sixteen Plaintiffs, the Joinder Plaintiffs each took the firefighter examination in the year 2000, and achieved a score of 99. Like each of the sixteen Plaintiffs, the Joinder Plaintiffs were not reached for hire by the City with respect to any of the three firefighter classes appointed from the 2000 exam (August, 2001, February, 2002 and October, 2002) as a result of the City's continued enforcement of the Beecher decree.

4. By the City's due diligent estimate, these thirteen Joinder Plaintiffs more likely than not each would have been reached for hire but for the City's continued enforcement of the Beecher decree. The Joinder Plaintiffs' respective positions on the certification lists (or their numbers in the lottery conducted by the City in October 2002) are therefore immaterial for purposes of this Motion.

5. Accordingly, any claims the Joinder Plaintiffs may possess against the City with respect to firefighter hiring arise from precisely the same transactions and occurrences, and raise precisely the same common issues of fact and law, as those claims currently before the Court. Fed.R.Civ.P. 20(a).

City Hiring

6. But for the special instatement hiring conducted in November, 2003 and March, 2004 respectively pursuant to orders of this Court, the City has hired no firefighters since October, 2002.

7. As evidenced by the recent orders in these consolidated cases, the City now

3

seeks to hire new firefighters, and intends to use its best efforts to fund an academy class in or about November, 2004.

City's Voluntary Effort

8. In a good faith effort to comply with the letter and spirit of the Quinn decision and subsequent remedy orders, the City voluntarily sought out, based on the Civil Service certification lists provided by the Human Resources Division of the Commonwealth of Massachusetts ("HRD"), all remaining identifiable individuals who: took the 2000 exam for firefighter; received a score of 99; sought to be hired by the City; but were not reached for hire as a result of the City's continued enforcement of the Beecher decree.

9. By way of a form letter proposal from Corporation Counsel mailed certified mail and dated June 14, 2004, the City offered to seek an instatement remedy for these individuals (numbering 22 in total), in exchange for a waiver of any claims and other remedies these individuals might possess, or believe they possessed, pursuant to the Quinn decision. See sample letter at Exhibit B hereto.

10. The thirteen (13) individuals listed in Exhibit A as Joinder Plaintiffs responded affirmatively by accepting the City's offer, executing the waivers attached as Exhibit C hereto, and asking the City to petition the Court on their behalf for this relief.[1]

Necessity and Appropriateness of Joinder and Relief Requested

11. As the Court is by now well aware, the City cannot conduct firefighter hiring outside conventional Civil Service procedures absent a court order providing for same. HRD cannot certify the Joinder Plaintiffs for consideration by the City absent such an

---

[1] The remaining nine (9) individuals to whom letters were mailed by the City either did not respond to the City's offer, or do not qualify for hiring consideration, because they expressed an unwillingness to comply with the City's residency requirement.

order. Among other constraints, two additional firefighter examinations have occurred (in 2002 and 2004) during the pendency of the Quinn litigation, creating new pools of potential candidates to be prioritized pursuant to state Civil Service law, were the City to request a certification hiring list outside the jurisdiction of this Court.

12. The City therefore respectfully submits that its Motion on behalf of the Joinder Plaintiffs is in the interests of justice and of all potentially interested parties. First, joinder eliminates any collateral challenge by the Joinder Plaintiffs to the ongoing proposed remedy for the original sixteen Plaintiffs before the Court. Second, joinder provides the vehicle for a remedy for additional people known to be similarly situated, thereby rendering the Court's remedy orders in Quinn more complete.[2] Third, joinder eliminates additional costs and fees to both the Joinder Plaintiffs and the City. Finally, joinder provides reasonable closure for the City, and promotes judicial economy. 7 Wright, Miller & Kane, Federal Practice and Procedure, Civil 3d Section 1653 at 410-411 ("the flexibility of this [Rule 20] standard enables the federal courts to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding"); id., Section 1656 at 426 (permissive joinder common in civil rights cases), citing, inter alia, Alexander v. Fulton Cty, Georgia, 207 F.3d 1301 (11th Cir. 2000)(joinder of 18 sheriff officers with respect to pattern of race discrimination in promotions, transfers, assignments or discipline); Mann v. City of Albany, 883 F.2d 999 (11th Cir. 1989)(white applicant for single-incumbent municipal job challenging absolute minority preference; City may implead former minority plaintiffs to consent decree mandating the preference); Travelers Indemnity Co. of Conn.

---

[2] Filed herewith is an assented-to motion by the City for interim relief for these Joinder Plaintiffs.

5

v. The Losco Group, 150 F.Supp. 556, 565 (S.D.N.Y.)(permissive joinder rests with sound discretion of court, which must determine if joinder will comport with the principles of fundamental fairness); Vulcan Society of Westchester Cty v. Fire Dept. City of White Plains, 82 F.R.D. 379 (D.N.Y. 1979)(joinder of plaintiffs proper in suit challenging firefighter hiring examinations in four cities).

13. The current Plaintiffs assent to this Motion. The proposed Joinder Plaintiffs assent to this Motion.

WHEREFORE, the City respectfully requests that this Motion be granted, and that the Court join as Plaintiffs in these consolidated actions the thirteen individuals named in Exhibit A hereto.

CITY OF BOSTON
MERITA A. HOPKINS
Corporation Counsel
By its attorneys,
SPECIAL OUTSIDE COUNSEL

_____
Christine M. Roach – BBO #421630
ROACH & CARPENTER, P.C.
24 School Street
Boston, MA 02108
(617) 720-1800

DATED: 9/10/04

### L.R.D.Mass. 7.1(A)(1) Certification

I, Christine M. Roach, hereby certify that most recently on August 25, 2004 at the L.R.D.Mass Rule 16.1(B) conference before the Court the named Plaintiffs assented to this Motion by the City. I further certify that the proposed Joinder Plaintiffs have assented to this Motion by the City by virtue of their execution of the Waivers attached hereto as Exhibit C.

DATED: 9/10/04

## Certificate of Service

    I, Christine M. Roach, hereby certify that I have served this Motion on all interested parties by this day mailing a copy of same to counsel of record for the named Plaintiffs, and by mailing certified mail a copy of same to the proposed Joinder Plaintiffs as listed in Exhibit A hereto.

DATED: 9/10/04