UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN F. KELLY,                                    )
FREDERICK D. LORENZ,                              )
DEREK M. MELENDY, MARK P. MILLER                  )
GARY S. MOTTOLA, EDWARD W. NEFF,                  )
STEPHEN K. O'CONNOR, RICHARD M. RIZZA,)
EDWARD J. SULLIVAN, KEVIN F. WALSH,               )
                                                  )
                    Plaintiffs,                   )        C.A. 04-11511-RGS
                                                  )
v.                                                )
                                                  )
CITY OF BOSTON,                                   )
                                                  )
                    Defendant.                    )


THOMAS P. FLAHERTY, JR.,                           )
KEVIN WILLIAMS, EDWARD FERENT,                     )
EDWARD J. WALSH, JR., and                          )
RICHARD M. PROIA,                                  )
                                                  )
                    Plaintiffs,                   )        C. A. 03-12125-RGS
                                                  )
v.                                                )
                                                  )
CITY OF BOSTON,                                   )
                                                  )
                    Defendant.                    )


FRANCIS X. TIERNEY,                               )
                                                  )
                    Plaintiff,                    )
                                                  )
v.                                                )        C.A. No. 04-10518-RGS
                                                  )
CITY OF BOSTON,                                   )
                                                  )
                    Defendant.                    )

## INTERIM ORDER REGARDING INSTATEMENT(~~PROPOSED~~)

Pursuant to the (Assented To) Motion of the parties to this matter, the mandate of Quinn v. City of Boston, 325 F.2d 18 (1st Cir. 2003), and this Court's Orders in Quinn v. City of Boston, 279 F.Supp. 2d 51 (D.Mass. 2003) and these consolidated cases, it is hereby ordered as follows:

1.  Beginning effective with the date of this Order, the named Joinder Plaintiffs herein,[1] who are not currently employed as a City of Boston ("Boston") firefighters, will be considered for hire by Boston at the next immediate opportunity to fill vacancies in the firefighter ranks of the Boston Fire Department.

2.  Instatement eligibility for these Joinder Plaintiffs shall be contingent upon each individual's satisfaction of the requirements applicable to all candidate fire fighters, specifically: (a) passing the Departmental medical examination; (b) passing a background check and drug test; (c) passing the Departmental physical agility test; (d) compliance with the City's residency requirement; and (e) successful completion of academy training. Age shall not be considered in determining the plaintiff's eligibility for firefighter positions. The City shall begin the instatement process as soon as reasonably possible after issuance of this Order. Once all Plaintiffs and Joinder Plaintiffs have met the eligibility requirements for instatement, they shall be hired by the City consistent with the schedule for the training academy referenced in Paragraph 4 below.

---

[1]    Gerald Fahey, Robert H. Farmer, Christopher Fay, Thomas C. Finn, Mark Foley, Ronald J. Holmes, Dennis M. Kane, David Kirrane, Michael W. Lee, Michael G. Lynch, Edward McKinnon, Thomas McLaughlin, Mark F. O'Connell. See (Assented To) Motion of Defendant City of Boston to Join Additional Plaintiffs Pursuant to Fed.R.Civ.P. 20 ("Joinder Motion") filed September 10, 2004.

3.  For retirement purposes, each Joinder Plaintiff who successfully meets the eligibility requirements for instatement shall be deemed to have begun his employment as a city of Boston firefighter on the date the he would have been hired had he been appointed with the successful candidates in the October 2002 class of new firefighters. Each Joinder Plaintiff who qualifies for instatement shall be paid at the step level that he would have achieved, in the normal course of employment, had he then been hired.  Any benefits granted pursuant to this Order impacting on the rights of other firefighters shall be subject to agreement by the Union representing Boston firefighters.

4.  Boston shall use its best efforts to convene a training academy in or before November 2004 for these Joinder Plaintiffs if they meet the eligibility requirements.

5.  This Order is not intended to establish a precedent with respect to any other person who believes s/he was passed over for employment as a fire fighter by Boston as a result of Boston's enforcement of the so-called <u>Beecher</u> decree, who is not a named Joinder Plaintiff herein.

DATED: **9-15-04.**

United States District Court