UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOHN F. KELLY, )
FREDERICK D. LORENZ, )
DEREK M. MELENDY, MARK P. MILLER )
GARY S. MOTTOLA, EDWARD W. NEFF, )
STEPHEN K. O'CONNOR, RICHARD M. RIZZA,)
EDWARD J. SULLIVAN, KEVIN F. WALSH, )
 )
        Plaintiffs, )   C.A. 04-11511-RGS
v. )
 )
CITY OF BOSTON, )   **SCANNED**
 )
 )   DATE: 11/23/07
        Defendant. )
 )   BY: K.J.

ORDER ON CITY OF BOSTON'S MOTION
CONCERNING VISION STANDARDS FOR JOINDER PLAINTIFFS
<u>ROBERT H. FARMER AND MARK FOLEY</u>

    This Order concerns Joinder Plaintiffs Robert H. Farmer ("Farmer") and Mark Foley ("Foley") only. After consideration of the City of Boston's ("Boston") Motion, the directives of the Court of Appeals in <u>Quinn v. City of Boston</u>, 325 F.3d 18, 37-38 (1st Cir. 2003), and this Court's own Order in <u>Quinn v. City of Boston</u>, 279 F.Supp. 2d 51 (D.Mass. 2003), the Court orders and rules as follows:

    1.    The sole issue presented by Boston's current Motion involves a unique set of circumstances that apply to Joinder Plaintiffs Farmer and Foley's efforts to be instated as a result of this Court's September 15, 2004 Order in this matter. In fashioning remedies in this case and other related cases against Boston, the Court has attempted to consider both the reasons that brought the plaintiffs to court and Boston's lawful and reasonable qualification requirements for candidates who wish to be considered for hire as firefighters.

    2.    But for the City's continued enforcement of the <u>Beecher</u> decree in October, 2002, which continued enforcement was found to be unlawful by the First Circuit, Farmer and Foley

would have been hired as Boston fire fighters in October, 2002, and their vision would have been evaluated against the qualification standards that existed at that time. However, the vision qualification standards for firefighters were enhanced by the Human Resources Division of the Commonwealth of Massachusetts pursuant to applicable law in June, 2003. For purposes of the proposed 2004 instatement remedy in this matter, therefore, Farmer and Foley have been subjected to those new vision standards.

3. Farmer and Foley's vision does not meet these new standards. However, Farmer and Foley's current (2004) vision does continue to meet the vision standards which existed prior to June 2003, in October, 2002, when they would have been considered for hire but for the City's enforcement of the Beecher decree.

4. Because the prior vision standards existed through May 2003, and because Messrs Farmer and Foley meet those standards now, the Court is satisfied that as applied to Farmer and Foley only, no significant public safety issues are presented by ordering Farmer and Foley to be evaluated against the vision standards as they existed in October, 2002 for purposes of their 2004 instatement remedy.

5. This Order applies to Farmer and Foley only, and is not intended to establish a precedent with respect to any other allegedly similarly situated person. This Order does not in any way prevent, constrain or impugn the authority of Boston or the Human Resources Division to apply established medical standards to their hiring considerations with respect to any other past or future candidate for public safety positions in accordance with Mass.G.L. c. 31, section 21.

DATED: 11-30-04.

_____
Richard B. Stearns
United States District Court

-2-